UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

PATRICK GALVANI,

    Plaintiff,

    v.

TOKIO MARINE AND NICHIDO FIRE INSURANCE CO., LTD.,

    Defendant.

_____/

No. C 11-3848 PJH

**ORDER RE MOTIONS FOR SUMMARY JUDGMENT**

    Plaintiff's and defendant's motions for summary judgment came on for hearing before the court on June 13, 2012. Plaintiff Patrick Galvani ("plaintiff" or "Galvani") appeared through his counsel, Nils Rosenquest. Defendant Tokio Marine and Nichido Fire Insurance Co., Ltd. ("defendant" or "Tokio Marine") appeared through its counsel, Timothy Thornton. Having read all the papers submitted and carefully considered the relevant legal authority, the court hereby GRANTS defendant's motion for summary judgment, and DENIES plaintiff's motion for summary judgment as follows.

**BACKGROUND**

    This is a case about an insurance's company duty to defend a homeowner's insurance policyholder. In 1982, the body of plaintiff's estranged wife, Nancy Galvani ("Ms. Galvani") was found floating in the San Francisco Bay. Her body was in a sleeping bag, which had been tied with a rope to a cinder block. Ligature marks were discovered around her neck, which led the coroner to conclude that the cause of death was asphyxiation due to strangulation. The coroner also determined that Ms. Galvani had suffered a broken vertebra and a skull fracture at her left temple. The Foster City police department classified Ms. Galvani's death as a homicide. While criminal charges were filed against plaintiff Galvani, all charges were subsequently dropped, and the case remains unsolved.

Alison Galvani ("Alison"), the daughter of plaintiff and Ms. Galvani, was five years old at the time of her mother's death. In 2010, Alison became suspicious of some of her father's statements about Ms. Galvani's death, and sued her father for wrongful death. Alison also asserted a claim of conversion against him, claiming that her father misappropriated funds that rightfully belonged to her.

At the time of Ms. Galvani's death, plaintiff was the named beneficiary on a homeowner's insurance policy issued by Tokio Marine. The policy provided for coverage as follows:

> This Company agrees to pay on behalf of the Insured all sums which the Insured shall become legally obligated to pay as damages because of bodily injury or property damages, to which this Insurance applies, caused by an occurrence. This Company shall have the right and duty, at its own expense, to defend any suit against the Insured seeking damages on account of such bodily injury or property damage, even if any of the allegations of the suit are groundless, false or fraudulent, but may make such investigation and settlement of any claim or suit as it deems expedient.

After Alison Galvani's lawsuit was filed, plaintiff Galvani submitted a claim to Tokio Marine for the defense of the lawsuit. Tokio Marine reviewed plaintiff's policy and denied coverage, claiming that the policy did not provide coverage for the defense of lawsuits where the alleged bodily injury or damages stemmed from an intentional act. Specifically, Tokio Marine concluded that its duty to defend only extended to suits seeking damages for damage or bodily injury "caused by an occurrence," and because "occurrence" was defined in the policy as "an accident," it did not include intentional acts. Plaintiff Galvani disputes that the duty to defend is limited to lawsuits involving injuries or damages that are caused by an occurrence. Notably, the insurance policy does not define "accident."

Alison Galvani's lawsuit was dismissed as time-barred by the statute of limitations. Plaintiff Galvani brought this suit against defendant Tokio Marine, seeking a declaratory judgment as to the scope of Tokio Marine's duty to defend, and asserting a claim of breach of contract for Tokio Marine's failure to provide a defense in the lawsuit brought by Alison Galvani. Both plaintiff and defendant moved for summary judgment.

2

**DISCUSSION**

A.   Legal Standard

A party may move for summary judgment on a "claim or defense" or "part of . . . a claim or defense." Fed. R. Civ. P. 56(a). Summary judgment is appropriate when there is no genuine dispute as to any material fact and the moving party is entitled to judgment as a matter of law. Id.

A party seeking summary judgment bears the initial burden of informing the court of the basis for its motion, and of identifying those portions of the pleadings and discovery responses that demonstrate the absence of a genuine issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). Material facts are those that might affect the outcome of the case. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). A dispute as to a material fact is "genuine" if there is sufficient evidence for a reasonable jury to return a verdict for the nonmoving party. Id.

Where the moving party will have the burden of proof at trial, it must affirmatively demonstrate that no reasonable trier of fact could find other than for the moving party. Soremekun v. Thrifty Payless, Inc., 509 F.3d 978, 984 (9th Cir. 2007). On an issue where the nonmoving party will bear the burden of proof at trial, the moving party may carry its initial burden of production by submitting admissible "evidence negating an essential element of the nonmoving party's case," or by showing, "after suitable discovery," that the "nonmoving party does not have enough evidence of an essential element of its claim or defense to carry its ultimate burden of persuasion at trial." Nissan Fire & Marine Ins. Co., Ltd. v. Fritz Cos., Inc., 210 F.3d 1099, 1105-06 (9th Cir. 2000); see also Celotex, 477 U.S. at 324-25 (moving party can prevail merely by pointing out to the district court that there is an absence of evidence to support the nonmoving party's case).

When the moving party has carried its burden, the nonmoving party must respond with specific facts, supported by admissible evidence, showing a genuine issue for trial. Fed. R. Civ. P. 56(c, (e)). But allegedly disputed facts must be material – the existence of

only "some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment." Anderson, 477 U.S. at 247-48.

When deciding a summary judgment motion, a court must view the evidence in the light most favorable to the nonmoving party and draw all justifiable inferences in its favor. Id. at 255; Hunt v. City of Los Angeles, 638 F.3d 703, 709 (9th Cir. 2011). In adjudicating cross-motions for summary judgment, the Ninth Circuit "evaluate[s] each motion separately, giving the nonmoving party in each instance the benefit of all reasonable inferences." ACLU of Nevada v. City of Las Vegas, 466 F.3d 784, 790-91 (9th Cir. 2006) (citations omitted).

B.  Legal Analysis

As a preliminary matter, the court notes that the parties stated in their joint case management statement that the case involves legal issues with no material factual issues. See Joint Case Management Statement, Dkt. 9 at ¶ 7. The Ninth Circuit has also held that interpretation of an insurance policy is a matter of law. See, e.g., Stanford Ranch, Inc. v. Md. Cas. Co., 89 F.3d 618, 624 (9th Cir. 1996). Thus, summary judgment is appropriate in this case.

Both parties ultimately move for summary judgment on the issue of whether Tokio Marine had an obligation to provide a legal defense for Patrick Galvani in the wrongful death suit asserted by Alison Galvani. However, the parties identify distinct sub-issues in their competing motions. Most notably, plaintiff contends that, if the terms of the insurance contract are ambiguous, defendant is charged with a duty to defend based on the reasonable expectations of the parties. Defendant raises two related issues concerning coverage carve-outs for intentional acts; one provided by the contract, which excludes coverage for injuries or damages that are "either expected or intended from the standpoint of the insured," and the other provided by California Insurance Code § 533, which states that "[a]n insurer is not liable for a loss caused by the willful act of the insured."

As stated above, the central issue in this case is whether defendant Tokio Marine

4

had a duty to defend the lawsuit brought by Alison Galvani against plaintiff Patrick Galvani for wrongful death and conversion. First, the court must determine the scope of the policy, and then, determine whether the facts (which are undisputed by the parties) lead to the conclusion that the suit brought against plaintiff Galvani was within the scope of that policy.

The parties disagree about whether the "caused by an occurrence" language applies only to Tokio Marine's duty to indemnify, or to both its duty to indemnify and its duty to defend. In arguing that it should only apply to Tokio Marine's duty to indemnify, Galvani points to the language of the policy, which requires indemnification of "all sums which the Insured shall become legally obligated to pay as damages because of bodily injury or property damages, to which this Insurance applies, caused by an occurrence," but which does not include the "caused by an occurrence" language in the sentence covering the duty to defend. Instead, Tokio Marine's duty to defend extends to "any suit against the Insured seeking damages on account of such bodily injury or property damage, even if any of the allegations of the suit are groundless, false or fraudulent." Galvani argues that the omission of "occurrence" is significant, in that it shows an intent to broaden Tokio Marine's duty to defend. Tokio Marine disputes that interpretation, and contends that the placement of the word "such" before "bodily injury or property damage" serves to reference back to the "bodily injury or property damage" mentioned in the first sentence (the duty to indemnify), which are limited to those "caused by an occurrence." The court agrees with Tokio Marine's reading, and finds that the word "such" does serve to import the "caused by an occurrence" requirement into the duty to defend. To hold otherwise would be to read the word "such" out of the policy.

As an alternative, Galvani argues that if the policy language is found to be ambiguous, then the court should "test the meaning of the policy according to the insured's reasonable expectation of coverage." Gray v. Zurich Ins. Co._,_ 65 Cal.2d 263, 267 (1966). Because the court finds that the policy's terms are not ambiguous, it is not necessary to make any finding as to Galvani's reasonable expectation of coverage.

Having determined that Tokio Marine's duty to defend only extends to suits seeking damages for bodily injuries or property damages caused by an occurrence, the next step is determining whether Alison Galvani's suit for wrongful death and conversion fell within the scope of that policy. Both parties agree that an insurance carrier "must defend a suit which <u>potentially</u> seeks damages within the coverage of the policy." <u>Gray v. Zurich Ins. Co.</u>, 65 Cal.2d at 275 (emphasis in original). This determination is made based on the facts known to the insurer at the time of the tender. <u>Indus. Indem. Co. v. Apple Computer</u>, 79 Cal.App.4th 817, 832-33 (1999). To trigger coverage, the insured must show only that the facts "reveal a possibility that the claim may be covered by the policy." <u>Waller v. Truck Ins. Exchange</u>, 11 Cal.4th 1, 19 (1999). To avoid coverage, on the other hand, the insurance company must show the absence of any such possibility. <u>Montrose Chemical Corp. v. Superior Court</u>, 6 Cal.4th 287, 300 (1993). In short, "the insured need only show that the underlying claim <u>may</u> fall within policy coverage; the insurer must prove that it <u>cannot</u>." <u>Id.</u> (emphasis in original).

As stated above, plaintiff Galvani's insurance policy provides an express definition of "occurrence." It is defined as "an accident, including injurious exposure to conditions, which results, during the policy term, in bodily injury or property damage." Thus, the key inquiry is whether the injuries and damages alleged in Alison Galvani's suit could have potentially been caused by an "occurrence," or in other words, an "accident." As a preliminary matter, the court finds that the damage stemming from the conversion claim were not "caused by an occurrence," because conversion is an intentional tort. <u>Collin v. American Empire Ins. Co.</u>, 21 Cal.App.4th 787, 812 (1994). However, as Galvani points out, "[o]nce the defense duty attaches, the insurer is obligated to defend against all of the claims involved in the action, both covered and uncovered, until the insurer produces undeniable evidence supporting an allocation of a specific portion of defense costs to a non-covered claim." <u>Horace Mann Ins. Co. v. Barbara B.</u>, 4 Cal.4th 1076, 1081 (1993). Thus, if the wrongful death cause of action falls within the scope of coverage, then Tokio

Marine has a duty to defend both the wrongful death claim and the conversion claim. And under both Waller and Montrose, plaintiff Galvani need only show the existence of a possibility of coverage of the wrongful death claim in order to trigger Tokio Marine's duty to defend. To that end, Galvani makes two arguments.

First, he points out that the wrongful death suit included an allegation of negligence. Specifically, the complaint alleges that "Plaintiff [Alison Galvani] is informed and believes that between 08-07-82 and 08-10-82, Defendant, PATRICK GALVANI wrongfully, negligently, and/or deliberately killed Plaintiff's Mother, NANCY GALVANI." See Galvani v. Galvani, No. 11-2062 PJH (removed from San Mateo Superior Ct., Case No. CIV 501711), Complaint at 2 (filed Dec. 21, 2010) (emphasis added). However, the complaint does not contain any further allegations that Ms. Galvani was killed as a result of negligence. This is not enough for the court to find coverage of the wrongful death action, as "coverage turns not on the technical legal cause of action . . . but on the facts alleged in the underlying complaint or otherwise known to the insurer." Swain v. California Cas. Ins. Co., 99 Cal.App.4th 1, 8 (2002) (internal quotation and citation omitted). Because the wrongful death complaint did not allege any facts regarding a negligent killing, the court finds that it did not establish the "possibility" of coverage required by Waller and Montrose.

Second, Galvani attempts to introduce new evidence to show that Ms. Galvani may have died as the result of an accident. Specifically, Galvani asks the court to take judicial notice of a Wikipedia article entitled "Erotic Asphyxiation," which is defined as "the intentional restriction of oxygen to the brain for sexual arousal." See Pl.'s Request for Judicial Notice, Dkt. 21-7, Ex. 5. Plaintiff submits this article to establish that "asphyxiation and strangulation, in and of themselves, can be accidental." See Pl.'s Motion for Summary Judgment, Dkt. 21 at 13, fn. 2. However, plaintiff offers only the Wikipedia article and a bare suggestion that "death by asphyxiation . . . could have been self-inflicted (suicide or erotic misadventure) or negligently inflicted by others," rather than any specific facts tying Ms. Galvani herself to these behaviors. In fact, plaintiff concedes that the Wikipedia article

is "not an expert opinion that such asphyxiation necessarily occurred in the instant case," but merely "proof of the fact of the existence of erotic asphyxiation."  See Pl.'s Reply ISO Mot. for Summary Judgment, Dkt. 25 at 6.  While Galvani is correct that his burden is only to show the "possibility" or "potential" for coverage, such a showing must be based on more than mere speculation.  See, e.g., The Upper Deck Co., LLC v. Federal Ins. Co., 358 F.3d 608, 614-16 (9th Cir. 2004); Storek v. Fid. & Guar. Ins. Underwriters, 504 F.Supp.2d 803, 811 (N.D. Cal. 2007).  Here, in attempting to show that Ms. Galvani's death could have been an accident, plaintiff has offered no more than pure speculation, without even an attempt to tether his theory to Ms. Galvani herself.  As a result, the court finds that there is no basis for the theory that Ms. Galvani died as the result of an accident, and thus no trigger of Tokio Marine's duty to defend the wrongful death claim in Galvani v. Galvani.  And because Tokio Marine was not obligated to defend the wrongful death cause of action, it was therefore not obligated to defend the conversion cause of action in the same case.

      Although the court finds no basis for concluding that Ms. Galvani's death was an accident, and thus finds that Tokio Marine had no duty to defend the cause of action for wrongful death, the court must still note that the exact circumstances surrounding Ms. Galvani's death remain unknown.  As a result, the court must reject defendant's attempts to avoid coverage based on the insurance policy's exclusion of coverage for injuries or damages that are "either expected or intended from the standpoint of the insured."  There is simply no basis for finding that Ms. Galvani's death was "expected or intended" from plaintiff's standpoint.  Similarly, section 533's exclusion of coverage for losses that are "caused by the willful act of the insured" is inapplicable to the wrongful death cause of action, because there is no evidence that plaintiff killed Ms. Galvani.  However, because conversion is an intentional tort, the cause of action for conversion is subject to both the policy's exclusion for damages that are "expected or intended from the standpoint of the insured" as well as section 533's exclusion for losses that are "caused by the willful act of the insured."  See, e.g., In re Peklar, 260 F.3d 1035, 1037 (9th Cir. 2001) (conversion

"must be knowingly or intentionally done").

Finally, for the reasons stated above, the court DENIES plaintiff's request for judicial notice as to the Wikipedia article on "erotic asphyxiation."  As to the other four documents attached to plaintiff's request, namely the parties' stipulation regarding the insurance policy (Exhibit 1), the complaint in Galvani v. Galvani (Exhibit 2), the statement of damages in Galvani v. Galvani (Exhibit 3), and this court's judgment in Galvani v. Galvani (Exhibit 4), the court GRANTS plaintiff's request for judicial notice.

C.   Conclusion

For the foregoing reasons, the court hereby GRANTS defendant Tokio Marine's motion for summary judgment as to its duty to defend plaintiff Galvani in Galvani v. Galvani, and DENIES plaintiff's motion for summary judgment on the same issue.  The court also GRANTS plaintiff's request for judicial notice as to Exhibits 1-4 of its request, but DENIES plaintiff's request for judicial notice as to Exhibit 5.

**IT IS SO ORDERED.**

Dated: July 2, 2012

PHYLLIS J. HAMILTON
United States District Judge